```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

FRANKIE ROCCHETTI,

    Plaintiff,

v.                                    Civil Action No: 1:12-7447

LOWE'S HOME CENTERS, INC., et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion for summary judgment (Doc. No. 30). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on February 18, 2014 in which he recommended that the district court grant defendants' motion for summary judgment. Doc. No. 46.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Plaintiff filed objections to the PF&R on March 6, 2014. Doc. No. 49. Plaintiff's objections are without merit for the reasons that follow.

1

## I. Background

Plaintiff brought this products liability action against defendants Lowe's Home Centers, Inc. ("Lowe's) and The Gorilla Glue Company ("Gorilla Glue"), alleging that Gorilla Glue's Gorilla Tape product caused a blister to form on his back after he used it for medical purposes. The detailed factual and procedural background in the PF&R adequately summarizes the factual information in the entire record, making it unnecessary to detail this information once more. See Doc. No. 46 at 1-11. Magistrate Judge VanDervort recommended granting summary judgment on the strict products liability claim because plaintiff failed to make a showing sufficient to establish causation. Id. at 12-16. He further determined that plaintiff's failure to warn theory also failed because there was no evidence suggesting that an intended or foreseeable use of Gorilla Tape was for use on human skin or as medical tape. Id. at 17-18.

## II. Plaintiff's Objections to the PF&R

Plaintiff's objections to the PF&R, like his other filings in this matter, are not a model of clarity. Plaintiff's objections can be boiled down to a general objection to the magistrate judge's determination that plaintiff cannot establish

that the Gorilla Tape caused his harm.[1] Plaintiff states that "I have establish [sic] the causation." Doc. No. 49 at 1. Further, in response to the conclusion that plaintiff has failed to present genuine issues of material fact, plaintiff states "I did not fail." Id. at 8. Plaintiff adds that "[t]he gorilla tape is what caused my skin rash and it is a fact", and "[i]t doesn't matter what the defendants say they are wrong." Id. at 9. Such conclusory allegations permeate plaintiff's objections. Id. But, the crux of the objection is that plaintiff has provided evidence to support causation.

Plaintiff's objections "do not direct the court to a specific error in the magistrate's [PF&R]" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Normally, such non-specific objections would waive the right to a de novo review. Because plaintiff is proceeding pro se, however, his filings are held to a less stringent standard than if they were prepared by a lawyer and construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As such, the court has performed a de novo review. That said, a de novo review does not require an in-depth

---

[1] Nothing in plaintiff's objections can be interpreted as objecting to the magistrate judge's determination that plaintiff's failure to warn claim must fail because there is no evidence that someone would use Gorilla Tape on the skin as medical tape. Therefore, the court is only concerned with the conclusion that plaintiff cannot establish causation.

discussion of patently frivolous objections. After a de novo review, the court determines that plaintiff's objections are without merit. The court adopts the magistrate judge's factual and legal analysis in its entirety.

Plaintiff contends that the Gorilla Tape Material Safety Data Sheet ("MSDS"),[2] his treating physicians Dr. Kevin Stein and Dr. Donald Asbury, and letters from Gorilla Glue employee Mary-Ellen McGrath support a finding of causation. A review of these materials and of the entire record reveals that plaintiff's objections must fail. Nothing in these materials suggests by more than a mere "scintilla of evidence" that Gorilla Tape caused plaintiff's alleged ailment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986). As determined by Magistrate Judge VanDervort, defendants are entitled to summary judgment.

### III. Conclusion

Accordingly, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, GRANTS defendants' motion for summary judgment (Doc. No. 30), and DISMISSES this matter from the court's docket.

---

[2] Throughout plaintiff's filings, he refers to this document as the "poison control papers."

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se and all counsel of record.

IT IS SO ORDERED on this 5th day of August, 2014.

ENTER:

David A. Faber
Senior United States District Judge